# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

| | |
|---|---|
| In re | Case No. 20-10601-AJC |
| HARVEY AGUIRRE PIJEIRA, <br> SSN x9326 | Chapter 7 |
| _____Debtor._____/ | |

## SUBPOENA FOR RULE 2004 EXAMINATION
### *DUCES TECUM*

To: **LILIAN R. DE JONGH, Individually and as an Officer/Director of AA ELITE AUTO BODY CORP., 13220 SW 54 St., Miami, FL 33175**

(Name of person to whom the subpoena is directed)

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| Dunn Law, P.A. <br> 66 West Flagler St., Suite 400 <br> Miami, FL 33130 | July 14, 2020, at 3:00 p.m. |

The examination will be recorded by this method: _____

☑ *Production*: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### See attached Schedule "A".

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 23, 2020

CLERK OF COURT  OR

_____  */s/ Michael P. Dunn*
Signature of Clerk or Deputy Clerk    Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Marcia T. Dunn, Chapter 7 Trustee who issues or requests this Subpoena, are:

Barry S. Turner, Esq., *(*Fla. Bar No. 85535) Dunn Law, P.A., 66 West Flagler Street, Suite 400, Miami, FL 33130.
Phone: (786) 433-3866 / Fax: (786) 260-0269 – e-mail: michael.dunn@dunnlawpa.com (mzucker@dunnlawpa.com).

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date)_____ .

☐   I served the subpoena on _____ , by delivering a copy to the named person as follows:


☐   I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

                By**:**   _____



Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"
## DEFINITIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. "YOU", "YOUR", or "EXAMINEE" shall refer to Lilian R. De Jongh a/k/a Lilian R. De Jongh Romero, individually, and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of Lilian R. De Jongh, her predecessors or successors.

B. "Debtor" shall mean HARVEY AGUIRRE PIJEIRA.

C. "Petition Date" shall mean **January 17, 2020.**

D. "Case" or "instant cause" means the instant bankruptcy case, styled *In re: Harvey Aguirre Pijeira* (Case No.: 20-10601-AJC), pending in the United States Bankruptcy Court, Southern District of Florida, Miami Division.

E. "AA" shall refer to AA ELITE AUTO BODY CORP (FEI/EIN No. 82-4483933) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of AA, or its subsidiaries, parents, predecessors or successors. Last known address: 7350 SW 42 Street, Miami, FL 33155.

F. "TROPICAL" shall refer to TROPICAL COLLISION, INC. (FEI/EIN No. 45-2698797) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of AA, or its subsidiaries, parents, predecessors or successors. Last known address: 7350 SW 42 Street, Miami, FL 33155.

G. "Bank accounts" shall mean any checking, savings, certificates of deposit and other deposit accounts held by a financial institution, bank or credit union.

H. "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

I. "Communication" or "Communications" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, emails or any other method by which information is transmitted.

J.      "Concerning", "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

K.      "Contract" or "contracts" shall mean (a) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

L.      "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form an including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings, magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers, newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements, prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

M.      "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

N.  "Information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

O.  "Person" means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

P.  "Relating to," "related" or "relating" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

Q.  When referring to a person, the term "Identify" shall mean to give, to the extent known, the person's full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

R.  When referring to a document, the term "Identify" shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

S.  When referring to a communication other than a document, the term "Identify" shall mean to describe the communication in such a manner that all the following Information is provided: (1) whether the communication took place in person, by telephone, via e-mail, or otherwise; (2) if by telephone, the identity of the person originating the call, the identity of the person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time of the communication; and the identity of all other persons present within hearing of any party to the communication; (3) if by e-mail, the identity, including name and e-mail address, of the person originating the e-mail; the identity or identities, including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the e-mail communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (4) in in Person, the identity of all persons present during the communication and the location of the communication; (5) the date and time of the communication; (6) to the best of Your recollection, what was said by each party to the communication; and (7) the identity of the custodian of any document that recorded, summarized, or concerned the communication.

T.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed

to be outside of its scope.

U. The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

V. The use of the singular form of any word includes the plural and vice versa.

W. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

## INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

A. This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such information or documents.

B. Examinee is hereby notified that its duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, pursuant to Fed.R.Bankr.P. 7036. If You are unable to locate any requested information or document after exercising due diligence to secure the requested document, so state.

C. In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all persons to whom the document was distributed, shown or explained; and (5) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

E. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F. In producing documents requested herein, You shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

G. To the extent this request seeks production of ESI residing elsewhere other than, or in addition to, on back-up copies, such information should be produced in its Native Format on hard drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow later any metadata associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall meant he format that the data was original created in.  This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

H. All archived data being produced in response to this Request should be provided with the means to view and export such data.  Paper documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .TIFF format. Colored pages, photographs or other documents among such paper documents that would otherwise loose the color format should be scanned in.JPEG or other standard color format.

I. All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016.

J. All requests herein refer to the period from **December 1, 2015** to the date of production, unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

K. **IN LIEU OF APPEARANCE AT THIS TIME**:  The Examinee is required to electronically produce all of the documents described on the attached **Exhibit "A"** no later than **July 14, 2020,** to the offices of **Dunn Law, P.A., 66 West Flagler Street, Suite 400, Miami, FL  33130**, or by e-mail to: Michael.Dunn@dunnlawpa.com and mzucker@dunnlawpa.com.  If the files are too large to produce as e-mail attachments, a DropBox link will be provided upon request.

## DOCUMENT REQUESTS

1. Copies of all bank statements (monthly or periodic) and records (including, but not limited to, ledger accounts, deposit slips, **cancelled checks** (front and back), check registers, check stubs, debit or credit advices or memos and wire transfers) for all **bank accounts**, both open and closed, personal or business, including virtual bank or merchant accounts, in any and all financial institutions, anywhere (foreign or domestic), from **December 2015 to present**, that are in **Your name** or joint name, or where You or the Debtor are authorized signers or interested parties of any kind.

2. Copies of all bank statements (monthly or periodic) and records (including, but not limited to, ledger accounts, deposit slips, **cancelled checks** (front and back), check registers, check stubs,

debit or credit advices or memos and wire transfers) for all **bank accounts**, both open and closed, personal or business, including virtual bank or merchant accounts, in any and all financial institutions, anywhere (foreign or domestic), from **December 2015 to present**, that are in the name or joint name of **AA**, or where AA is an authorized signer or an interested party of any kind.

3. Copies of all bank statements (monthly or periodic) and records (including, but not limited to, ledger accounts, deposit slips, **cancelled checks** (front and back), check registers, check stubs, debit or credit advices or memos and wire transfers) for all **bank accounts**, both open and closed, personal or business, including virtual bank or merchant accounts, in any and all financial institutions, anywhere (foreign or domestic), from **December 2015 to present**, that are in the name or joint name of **Tropical**, or where Tropical is an authorized signer or an interested party of any kind.

4. Any and all signature cards that name You, the Debtor, AA, and/or Tropical as an authorized signatory on any financial account, for any entity or other third party, from December 2015 to present.

5. Any and all documents submitted to You by the Debtor, AA and/or Tropical for any loan or advance, in any capacity (borrower, guarantor, or surety) from December 2015 to present, including but not limited to all credit and/or loan applications, and any personal financial statements.

6. All documents that evidence, refer or relate to any interest in, or claimed title to, any financial instruments, accounts, or securities, including but not limited to: certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits, note receivables, pledges, security interests, stocks, bonds, mutual funds, debentures, retirement accounts, annuities, (whether individual or employer sponsored), stock options or profit sharing plans, or other investment, either owned by You, the Debtor, AA and/or Tropical or held for the benefit of You, the Debtor, AA and/or Tropical.

7. All documents that evidence, refer or relate to any safe-deposit box or other bank-secured area accessed by You, the Debtor, AA and/or Tropical from December 2015 to present.

8. All documents that evidence, refer or relate to Your ownership interest in any business entity in the world, including, without limitation, a corporation, limited liability company, partnership, a limited partnership, a limited liability partnership, a limited liability limited partnership, a professional association and a professional corporation, from December 2015 to present, including but not limited to:

    *a)* **Tropical Collision, Inc.**
    b) **AA Elite Auto Body Corp.**

9. All documents that evidence, refer or relate to the $1,177,068 in gross receipts or sales disclosed in the 2018 Form 1120 U.S. Corporation Income Tax Return of **AA Elite Auto Body Corp.** prepared for the tax year beginning June 1, 2018 and ending December 31, 2018, marked "Initial Return."

10. Signed copies of all local, state and federal tax returns for the years 2015, 2016, 2017, 2018 and/or 2019 including all supporting forms, schedules and documentation, such as K-1s, W-2s, 1099 and 1098 forms, and W-4 tax withholding forms, filed by or for any entity in which You have or had an ownership, equitable, beneficial or other interest in, including any business interest identified in request number 8, *supra*. **This request includes payroll tax returns and tangible personal property tax returns.**

11. Full contact information for party that prepared the 2018 Form 1120 U.S. Corporation Income Tax Return on behalf of **AA Elite Auto Body Corp.** for the tax year beginning June 1, 2018 and ending December 31, 2018.

12. Full contact information for party that prepared the 2019 Form 1120 U.S. Corporation Income Tax Return on behalf of **AA Elite Auto Body Corp.** for the 2019 tax year.

13. All corporate documents without limitation, any revised or amended versions, from December 2015 to present, including but not limited to articles of incorporation, bylaws, shareholder agreements, meeting minutes, and corporate resolutions, stock certificates, and actions by consent of shareholders in Your possession related to You, the Debtor, AA and/or Tropical.

14. Copies of any and all financial statements of You, the Debtor, AA and/or Tropical from December 2015 to the present.

15. All documents that evidence, refer or relate to Debtor's non-filing spouse's designation as "Proprietor" of **Tropical Collision, Inc.** under its 2018 federal income tax return.

16. Provide a USB flash-drive, portable drive, disc, or hard copies of all of communications including private/direct messages sent via Facebook, WhatsApp, Instagram, or any other social media platform, between You and **Harvey Adurra** and **Alberto Budincevic** relating to **Tropical Collision, Inc.** from December 2015 to present.

17. Provide a USB flash-drive, portable drive, disc, or hard copies of all of communications including private/direct messages sent via Facebook, WhatsApp, Instagram, or any other social media platform, between You and the Debtor from December 2015 to present.

18. All documents that evidence, refer or relate to the formation of **AA Elite Auto Body Corp.** including Your position as President.

19. All documents that evidence, refer or relate to Your business relationship with **AA Elite Auto Body Corp.** and the Debtor.

20. All documents that evidence, refer or relate to Your departure from **AA Elite Auto Body Corp.** including all documents of turnover of the business, business tools and premises.

21. Full contact information for the landlord of **AA Elite Auto Body Corp.**

22. Full contact information for the landlord of **Tropical Collision, Inc.**

23. Provide a USB flash-drive, portable drive, disc, or hard copies of all of the private/direct messages sent via Facebook, WhatsApp, Instagram, or any other social media platform, that relates to the business dealings/transactions of any of the entities listed in request 8, *supra*, or

any other business entity in the world in which You have or had an ownership, equitable, beneficial or other interest in from December 2015 to present.

24. Provide a USB flash-drive, portable drive, or disc containing the accounting data including the name of the software used and the passwords required to access the data, from December 2015 to present, for any entity in the world in which You have or had an ownership, equitable, beneficial or other interest in, including any business interest identified in request number 8, *supra*.

25. All corporate documents without limitation, any revised or amended versions, from December 2015 to present, including but not limited to articles of incorporation, bylaws, shareholder agreements, meeting minutes, and corporate resolutions, stock certificates, and actions by consent of shareholders, for any entity in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, including any business interest identified in request number 8, *supra*.

26. All documents that evidence, refer or relate to Your interest in **AA Elite Auto Body Corp.**

27. All documents that evidence, refer or relate to the relationship between **AA Elite Auto Body Corp.** and **A&B Paint & Body Shop, Inc.**

28. All documents that evidence, refer or relate to the relationship between **AA Elite Auto Body Corp.** and **One-Stop Collision Corp.**

29. All documents that evidence, refer or relate to the relationship between **AA Elite Auto Body Corp.** and **D&D Jongh Check Cashing Corp.**

30. All documents that evidence, refer or relate to the relationship between the Debtor, **D&D Jongh Check Cashing Corp., A&B Paint & Body Shop, Inc.**, and **One-Stop Collision Corp.**

31. All stock certificates for any business interest identified in request number 8, *supra*., issued to You or an entity You manage or control.

32. All consulting agreements, brokerage agreements, or employment agreements for any business interest identified in request number 8, *supra*.

33. Copies of all corporate financial documents (including, but not limited to, payroll records, signed payroll tax returns, profit and loss statements, general ledgers, accounts receivable, **inventory**, accounts payable), from December 2015 to present, for any entity in the world in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, including any business interest identified in request number 8, *supra*.

34. Copies of the general ledger for **AA Elite Auto Body Corp.** from January 1, 2018 to the date of production.

35. Complete copies of all business records, from December 2015 to present, including but not limited to, occupational licenses, business licenses (federal, state, county, city), leases, patents, financing statements, factoring agreements, financing agreements, franchise agreements, consulting agreements, distribution agreements, employment agreements, partnership

    agreements, licenses, copyright and trademark, intellectual property, website detail, fictitious name information, non-proprietary manufacturing agreements, assignments, pledges, and financial statements, for any entity in which You have or had an ownership, equitable, beneficial or other interest in from December 2015 to present, including any business interest identified in request number 8, *supra*.

36. Copies of any and all statements (periodic or monthly) and all support for all deposits, withdraws and transfers (including, without limitation, ledger accounts, memoranda, signatory cards, checkbooks, canceled checks (front and back), wire transfers (incoming and outgoing), debit or credit advices or memos, deposit slips, withdraw slips and any other records) for all bank accounts (open or closed), including all virtual bank or merchant accounts (such as PayPal, Venmo, Square), in any and all financial institutions, anywhere (foreign and domestic), from December 2015 to present, where any entity in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, was a joint name, authorized signer, exercised control, or otherwise had an interest, including any business interest identified in request number 8, *supra*.

37. Copies of any and all agreements, including but not limited to employment contracts or agreements, leases, franchise agreements, consulting agreements, including, without limitation, property, rental and equipment leases, related to or concerning any entity in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, including any business interest identified in request number 8, *supra*.

38. Copies of any and all lease or occupancy agreements for **7350 SW 42 Street, Miami, FL 33155** including, but not limited to, name and contact information of property owner, dates of occupancy, source of funds for any deposit.

39. All documentation and information regarding any and all transfers of money, property, contributions, loans, investments, gifts, cash withdrawals, or payments over $1,000.00, made to any person and or any entity outside of the ordinary course of business (including, without limitation, any shareholders, principals, officers, directors, owners, employees, contractors or agents of the Debtor), from December 2015 to present by any entity in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, including, including any business interest identified in request number 8, *supra*.

40. Copies of any and all financial statements prepared for any lender, creditor, or third party, from December 2015 to the Petition Date, for any entity in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, including any business interest identified in request number 8, *supra*.

41. All documents related to any profit, equity or benefit sharing agreement or joint venture arrangement in which any entity in which You have or had an ownership, equitable, beneficial or other interest in since December 2015, including any business interest identified in request number 8, *supra*.

42. All documents that evidence, refer or relate to business ventures, trusts, arrangements, leases, agreements, and/or assets held by You or that You participated in with any of the following located at **7350 SW 42 Street, Miami, FL  33155** within six (6) years immediately preceding the Petition Date:

    **a) the Debtor,
    b) the Debtor's non-filing spouse,
    c) Harvey A. Pijeira, Sr.,
    d) Harvey Adurra,
    e) Alberto Budincevic,
    f) Francela Aybar,
    g) Valentin Reyes,
    h) Peter Vizcon,
    i) Gaston V. Rodriguez,
    j) Zafiro Used Auto Parts Inc.
    k) Dayami C. Soengas,
    l) Expocar Collision Center Inc.,
    m) Yaimel Valdes Hernandez,
    n) D&D Jongh Check Cashing Corp.,
    o) AA,
    p) Tropical.**

43. Clear, color photographs of all physical property, whether you claim an interest in the property or not, both of full room/wide-view and close-ups, owned by or purchased for the benefit of any business interest identified in request number 8, *supra*.

\* \* \*

**The Trustee reserves the right to request additional documents as the investigation continues, as the Examination proceeds, as additional issues are uncovered, and as clarifications are required.**